UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.   9:21-CV-81387

NICHOLAS LAMPARIELLO
           Plaintiff,
 v.

GALLAGHER BASSET SERVICES, INC.; STARR INDEMNITY AND LIABILITY COMPANY; MIDDLE NECK MANAGEMENT LLC f/k/a NAMDAR REALTY GROUP; and HARBOR FREIGHT TOOLS USA, INC.,

           Defendants.
_____/

## **COMPLAINT**

COMES NOW the Plaintiff NICHOLAS LAMPARIELLO (hereinafter "Plaintiff") by and through his undersigned counsel, and hereby sues Defendants GALLAGHER BASSET SERVICES, INC.; STARR INDEMNITY AND LIABILITY COMPANY; MIDDLE NECK MANAGEMENT LLC f/k/a NAMDAR REALTY GROUP; and HARBOR FREIGHT TOOLS USA, INC. (hereinafter collectively "Defendants"), and in support thereof, states as follows:

PARTIES

1. This is an action for damages that exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest, costs, and attorney's fees.

2. Plaintiff NICHOLAS LAMPARIELLO is an adult over the age of 21, a resident of the State of Florida, and otherwise *sui juris*.

3. Defendant GALLAGHER BASSET SERVICES, INC. (hereinafter "GB"), is, and at all times material hereto was, a Delaware for-profit corporation registered with the Florida Department of State (Document Number P06810) whose principal address is 2850 GOLF ROAD, ROLLING MEADOWS, IL 60008.

4. Defendant STARR INDEMNITY AND LIABILITY COMPANY (hereinafter "STARR") is, and at all times material hereto was, a Texas for-profit corporation registered with the Florida Department of State (Document Number 850502) whose principal address is 399 Park Avenue, Suite 2000, New York, NY 10022.

5. Defendant MIDDLE NECK MANAGEMENT LLC f/k/a NAMDAR REALTY GROUP (hereinafter "MNM") is, and at all times material hereto was, a Delaware for-profit corporation whose principal address is 26541 AGOURA ROAD, CALABASAS, CA 91302.

6. Defendant HARBOR FREIGHT TOOLS USA, INC. (hereinafter "HARBOR FREIGHT") is, and at all times material hereto was, a Delaware for-profit corporation registered with the Florida Department of State (Document Number F01000003600) whose principal address is 26541 AGOURA ROAD, CALABASAS, CA 91302.

7. In addition to the Defendants set forth herein, there are likely other parties who may well be liable to Plaintiff but respecting whom Plaintiff currently lacks specific facts to permit them to name such persons as Defendants. By not naming such persons or entities at this time, Plaintiff is not waving their rights to amend this pleading to add such parties, should the facts warrant adding such parties.

JURISDICTION, AND VENUE

8. This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. §1332, as (a) the parties are completely diverse in citizenship and (b) the amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

9. This Court has personal jurisdiction over Defendants pursuant to Federal Rules of Civil Procedure 4(k)(1) and Fla. Stat. §48.193 as the Defendants:

   a. Operate, conduct, engage in and/or carry on a business or business venture in this state as reflected by the fact that:

      i. GB and STARR issue and handle insurance policies and corresponding claims within the State of Florida;

      ii. MNM owns, operates, and leases real property throughout the State of Florida; and

      iii. HARBOR FREIGHT owns and operates numerous retail stores throughout the State of Florida;

   b. Have an office or agency in this state, reflected by the fact that Defendants GB, STARR, and HARBOR FREIGHT have registered agents on file with the Florida Division of Corporations via Corporation Service Company in Tallahassee, Florida;

   c. Engage in substantial and not isolated activity in Florida both in person and via telephone and/or their respective websites. Such activity is interstate, intrastate, and international, thus making it subject to the jurisdiction of Florida's courts, whether or not the claim arises from that activity;

   d. Sell insurance policies and handle claims covering real property and commercial liability for properties and clients located within the State of Florida;

10. Venue of this action is proper in this District pursuant to 28 U.S.C. §1391(b) because the events giving rise to this claim occurred within this venue.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. On or about August 31, 2020, Plaintiff slipped and fell onto concrete as a result of an unmarked, raised portion of the curb in a retail shopping center located at 1475 S. Congress Ave., Delray Beach, FL 33445.

12. Plaintiff, a seventy-seven (77) year old man, suffered serious injuries as a result of the fall and required extensive medical treatment.

13. Plaintiff's investigation revealed that the Defendants HARBOR FREIGHT and MNM were aware of the dangerous condition and failed to take any action to protect or warn business invitees, including Plaintiff, of the dangerous condition.

14. A pre-suit demand was made to the Defendants.

15. Defendants GB and STARR contacted the Plaintiff and advised that they were the assigned claims adjuster and insurer handling this claim. Specifically, Defendants GB and STARR indicated to Plaintiff that they possessed the authority to engage in pre-suit settlement discussions on behalf of all Defendants.

16. Pursuant to Florida law, the Defendants GB and STARR provided the Plaintiff with the relevant Declaration Pages of the insurance policy at issue in this matter.

17. On June 23, 2021, at 11:43pm, Defendant GB and STARR sent a written offer to resolve the claim pre-suit for Two Hundred Thirty Thousand Dollars ($230,000.00). See June 23, 2021 email attached hereto as Exhibit A.

18. On June 25, 2021, at 12:35pm, the Plaintiff sent a written acceptance of the offer to the Defendants GB and STARR. This same written acceptance provided payment instructions, the delivery address, and the W-9 form as is customary in such pre-suit settlement arrangements. See June 25, 2021 email attached hereto as Exhibit B.

19. At no time, either in writing or verbally, did the Defendants indicate that payment of the settlement amount was conditioned upon any other action by the Plaintiff.

20. Although the Defendants **never indicated that the settlement was conditioned on the delivery of a release**, the Defendants did forward a proposed release to the Plaintiff SEVENTEEN (17) days after the parties' written settlement became effective. The release explicitly and in no uncertain terms included **all Defendants** and their respective "agents, servants, successors, heirs, executors, administrators, and all other persons, firms, corporations, associations, or partnerships…" as released parties.

21. Despite the settlement not being conditioned on the delivery of the release, Plaintiff executed and returned the release to the Defendants within forty-eight (48) hours.

22. To date and despite repeated demands for prompt payment of the settlement funds, the Defendants refuse to issue payment of the settlement amount.

23. Due to the refusal of the Defendants to remit payment of the settlement amount, the Plaintiff has retained the services of the undersigned attorney to file this action and is obligated to pay a reasonable fee for the legal services rendered in connection with this action. Furthermore, Plaintiff has incurred hard costs in connection with the filing of this action.

24. All conditions precedent to Plaintiff bringing this action have occurred, have been satisfied, and/or have been otherwise waived.

## COUNT I: CLAIM FOR DAMAGES, ATTORNEY'S FEES, AND INTEREST PURSUANT TO §627.4265 FLA. STAT. (2021) FOR FAILURE TO TENDER PAYMENT

Plaintiff re-alleges and avers the allegations contained in Paragraphs One (1) through Twenty-Two (22) of this Complaint and incorporates the same herein.

25. Section 627.4265, Fla. Stat. (2021) states, in no uncertain terms, as follows:

> ***In any case in which a person and an insurer have agreed in writing to the settlement of a claim***, *the insurer shall tender payment according to the terms of the agreement **no later than 20 days after such settlement is reached.** The tender of payment may be conditioned upon execution by such person of a release mutually agreeable to the insurer and the claimant, but if the payment is not tendered within 20 days, or such other date as the agreement may provide, it shall bear interest at a rate of 12 percent per year from the date of the agreement…"*

(emphasis added).

26. At all times material hereto, Defendants GB and STARR are 'insurers' under Chapter 627, Fla. Stat. (2021).

27. Furthermore, the aforementioned statutes also apply to Defendants MNM and HARBOR FREIGHT as they are joined in this claim and were listed on the release provided by Defendants. See *F.I.T. Aviation, Inc. v. Gleason*, 510 So.2d 1217 (Fla. 5th DCA 1987) (holding that Section 627.4265, Fla. Stat. applies to defendant who were not insurers, where their insurers were parties to release).

28. On June 25, 2021, at 12:35pm, the Plaintiff and Defendants agreed in writing to the settlement of Plaintiff's claim against Defendants in exchange for a settlement payment of Two Hundred Thirty Thousand Dollars ($230,000.00).

29. Defendants failed to tender the settlement payment within twenty (20) days of the written settlement being reached.

30. To date, Defendants continue to refuse to tender payment of the agreed-upon settlement amount.

31. Pursuant to Section 627.4265, Fla. Stat. (2021), Defendants are required to pay interest at the rate of twelve (12) percent per year from the date of the agreement.

32. Pursuant to Section 627.428, Fla. Stat. (2021), Plaintiff is entitled to an award of his reasonable attorney's fees and costs in the final judgment against Defendants.

WHEREFORE, the Plaintiff respectfully demands that this Honorable Court enter judgment against the Defendants GALLAGHER BASSET SERVICES, INC.; STARR INDEMNITY AND LIABILITY COMPANY; MIDDLE NECK MANAGEMENT LLC f/k/a NAMDAR REALTY GROUP; and HARBOR FREIGHT TOOLS USA, INC. for the settlement amount of $230,000.00 plus the statutory interest at the rate of twelve (12) percent and Plaintiff's reasonable attorney's fees and costs as required under Chapter 627, Fla. Stat., as well as such other relief as this Honorable Court deems just and proper.

Dated this __9th__ day of August, 2021

                Respectfully submitted,

                \s\ Joshua Christensen_____
                Joshua Christensen, Esq.
                Florida Bar No., 115701
                Counsel for Plaintiff
                Email: pleadings@lawllg.com
                          josh@lawllg.com

                LAMPARIELLO LAW GROUP LLP
                11369 Okeechobee Blvd., Ste. 400
                Royal Palm Beach, FL 33411
                Tel. (954) 628-3579
                Fax: (954) 343-8712